UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

JAMELLE CRADDOCK,

             Plaintiff,

     -against-

POLICE OFFICER HENNING, et al.,

             Defendants.

------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ OCT 0 4 2006 ★

**BROOKLYN OFFICE**

**REPORT AND RECOMMENDATION**
**06 CV 1150 (DLI)(LB)**

**BLOOM, United States Magistrate Judge:**

This matter was referred to the undersigned for pretrial supervision. As the *pro se* plaintiff was incarcerated when he commenced this action, the Court scheduled an initial conference in this matter on July 13, 2006 by telephone pursuant to Rule 16 of the Federal Rules of Civil Procedure. By letter dated July 10, 2006, the Assistant Corporation Counsel ("ACC") representing defendants wrote the Court requesting an adjournment of the conference as plaintiff was being released from custody. By order dated July 13, 2006, the conference was adjourned and an in person conference was scheduled for August 17, 2006. My July 13 order was mailed to plaintiff at the address provided by the ACC which was plaintiff's last known mailing address upon his release on July 11, 2006.[1] Plaintiff failed to appear at the August 17 conference and I issued an order to show cause for plaintiff to appear at the rescheduled conference on September 14, 2006.[2] Plaintiff again failed to appear at the September 14 conference and has not contacted the Court to date. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed.

---

[1] Although previous mail sent to plaintiff at his prison address was returned to the Court, this order has not been returned to the Court.

[2] This order was mailed to plaintiff at the address given to the Court by the ACC and has not been returned to the Court.

## BACKGROUND

Plaintiff filed this *pro se* action under 42 U.S.C. § 1983 alleging an illegal search of his person and use of excessive force during his arrest. Plaintiff's complaint alleges that on November 8, 2005, defendants stopped him without probable cause and used excessive force to search and arrest him. Plaintiff alleges he suffered multiple injuries including a chipped tooth and multiple bruises on his face and other parts of his body. Plaintiff's complaint requests ten million dollars in compensatory and punitive damages. Complaint at ¶V.

I granted plaintiff's application to proceed *in forma pauperis* on March 17, 2006. The ACC requested an extension of time to file an answer on behalf of the New York City Police Department. By order dated May 15, 2006 I granted the extension request and directed the ACC to ascertain the name and service address for Officer Henning' s partner on November 8, 2005, the night of the alleged incident. *See* Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*). By letter dated June 16, 2006, the ACC informed the Court that she had been unable to ascertain the name of the John Doe officer identified by plaintiff as Officer's Henning's partner and also requested that I direct plaintiff to sign a release for his criminal court records underlying this case.

By order dated June 30, 2006, I scheduled the initial telephonic conference in this matter for July 13, 2006. By letter dated July 10, 2006, defendants' counsel requested an adjournment of the conference because plaintiff was being released from the Queensboro Correctional Facility on July 11, 2006. By order dated July 13, 2006, the request for an adjournment was granted and the conference was rescheduled to an in person conference on August 17, 2006. This order was sent to plaintiff's address provided upon his release from custody.

2

Plaintiff failed to appear at the August 17 conference and at the rescheduled conference on September 14, 2006. Plaintiff has not contacted the Court since he filed his original complaint on February 7, 2006, more than 7 months ago, and has not contacted the court since he was released from custody in July of this year.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "If a party or a party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), ( C) (D)." Under Rule 37(b)(2) ( C) the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2) (C) ("... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... [a]n order ... dismissing the action or proceeding or any part thereof ...."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's August 18, 2006 order that I would recommend that his action should be dismissed if he failed to appear at the September 14 conference. That order, and the previous order scheduling the initial conference, were sent to plaintiff's last known address and have not been returned to the Court. See Hoffenberg v. C.I.R., 905 F.2d 665, 666 (2d Cir. 1990)(mail placed in the care of the Postal Service is presumed delivered). Moreover, it is plaintiff's responsibility to keep the Court informed of his current address. Concepcion v.

Ross, No. CV-92-770, 1997 WL 777943, at \*1 (E.D.N.Y. Oct. 27, 1997); also see Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at \*5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of a current address is "an obligation that rests with all pro se plaintiffs.") Plaintiff has made no contact with the Court since February 7, 2006, nor has he provided a new address where he can be contacted. He has failed to appear at two pretrial conferences despite the Court's warning that if he failed to appear, his case would be dismissed. Apparently, plaintiff has abandoned this action. Accordingly, it is recommended that the instant action should be dismissed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: October 4, 2006
      Brooklyn, New York